# Exhibit A

DocuSign Envelope ID: 8486021E-3343-4B62-8D05-E49EB274247F

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This confidential Settlement Agreement and Release (the "Agreement") is made as of the date of the last signature below by and between Celtic Marketing, LLC, a Nevada corporation with its principal place of business in California ("Company"), and Dennis Born, a resident of the State of Wisconsin ("Complainant").

WHEREAS, Company is engaged in, among other ventures, the sale of certain vehicle service agreements.

WHEREAS, Complainant has filed a lawsuit in the United States District Court for the Central District of California captioned *Dennis Born v. Celtic Marketing, LLC, et al.*, Case No. 8:19-cv-1950, in which he alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, by Company and/or the affiliates, putative agents, or business associates of Company in connection with a certain calls, messages, or other communications he has allegedly received from or related to Company or its products or services (the "Lawsuit").

WHEREAS, the parties hereto desire to compromise, settle, and release any and all claims between them arising out of or relating to the alleged violations, without any admission of wrongdoing by either party.

WHEREAS, this Agreement is between Complainant and the Company.

1. **Payment**. Company shall pay the sum of Twenty-Five Thousand U.S. dollars ($25,000.00) ("Settlement Amount") to Complainant over four monthly installments. The first installment will be made in the amount of Five Thousand dollars ($5,000.00) within ten (10) days of full execution of this Agreement and receipt of an IRS Form W-9 from Complainant's counsel. The second installment of Five Thousand dollars ($5,000.00) will be made within thirty (30) days of the date of the first installment. The third installment of ($5,000.00) shall be made within thirty days of the second installment. The fourth and final installment in the amount of Ten Thousand dollars ($10,000) shall be made within thirty days of the third installment. The Settlement Amount shall be made payable to Javitch Law Office, and sent via any commercially reasonable means to:

   Mark Javitch
   Javitch Law Office
   480 S. Ellsworth Ave.
   San Mateo, CA 94401

2. **Release by Parties**. In consideration of the promises contained herein and the relinquishment of Complainant's legal rights regarding any claims arising out of or related to any actual or alleged law violations by the Released Parties, Complainant, on behalf of Complainant and Complainant's heirs, immediate family members, successors, legal representatives and assigns, does hereby release, acquit and forever discharge Company, and all its respective corporate parent, subsidiary and affiliated or commonly controlled entities, including, without limitation, Vehicle Activation Department, and, along with each of their current, former and

DocuSign Envelope ID: 8486021E-3343-4B62-8D05-E49EB274247F

future owners, including Craig McKiernan, members, partners, officers, directors, shareholders, employees, agents, marketers, vendors, contractors, assigns, successors, servants, insurers, re-insurers, trustees, representatives, and attorneys, together with any and all other persons and entities who are or might be liable, with the exception of the Excluded Parties (collectively, the "Released Parties"), from any and all claims, liabilities, demands, suits, and causes of action of every nature and kind, whether vested or contingent, past/current or future, accrued or unaccrued, known or unknown, in law or in equity, matured or unmatured, whether or not such claims were or could have been brought or raised in any applicable civil action, or as a result of the alleged conduct which gave rise to the instant dispute, arising out of, relating to or resulting from those claims and allegations expressly raised in any previous correspondence between Complainant and Company, in any court pleading filed by Complainant, those arising out of or relating to the facts, circumstances, or occurrences surrounding the above-mentioned correspondence, and those arising out of, relating to or resulting from the facts, circumstances, or occurrences concerning the alleged conduct which gave rise to this dispute, but excluding Complainant's claims against any non-Released Parties or Excluded Parties. The Released Parties other than Company are intended third-party beneficiaries of this Agreement. This Agreement covers and includes all such claims that Complainant has against the Released Parties whether actually known or not, despite the fact that any applicable state and/or federal law may provide otherwise. This Agreement also covers any claims assigned to Complainant by other parties which relate in any way to the Company or the subject telemarketing calls or messages. Notwithstanding the foregoing, the Released Parties shall not be released from the obligations imposed by this Agreement, which shall be the sole set of rights and duties remaining between the parties upon the effective date of this Agreement. The Released Parties provide a reciprocal and equally broad release to Complainant and Complainant's heirs, successors, legal representatives and assigns. Costs and fees shall be borne as incurred by the respective parties. Notwithstanding the foregoing, and for the avoidance of doubt, SunPath Ltd., Northcoast Warranty Services, Inc., and Market Management Solutions LLC, are not among, and expressly excluded from the scope of the Released Parties (*i.e.*, "Excluded Parties").

The Parties have been made aware of, and understand, the provisions of California Civil Code Section 1542 ("Section 1542"), which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." The parties expressly, knowingly, and intentionally waive any and all rights, benefits, and protections of Section 1542 and of any other state or federal statute or common law principle limiting the scope of a general release.

3. <u>Dismissal of Claims, Confidentiality & Non-Disparagement</u>. The Parties shall not discuss, publish or share any copy of, or any details relating to, this Agreement with any person or entity not a party to this Agreement, except that the Parties may state that the matter has been resolved without asserting any admission of fault. Nevertheless, a Party is excused from this confidentiality provision in any of the following circumstances: (i) disclosure to the Party's (a) attorneys, (b) accountants, (c) lenders and (d) other businesspersons who make a reasonable and customary request for it; (ii) reasonable disclosure after confidential information has been made public through no fault of the disclosing Party; (iii) the enforcement of this Agreement; (iv)

DocuSign Envelope ID: 8486021E-3343-4B62-8D05-E49EB274247F

disclosure after the other Party, upon notice, has failed to successfully oppose a discovery request, subpoena or other demand under color of government authority; (v) disclosure by a Party to that Party's spouse (if they file joint tax returns); and (vi) disclosure to the Excluded Parties in the event an issue arises as to whether Complainant, Complainant's heirs, immediate family members, successors, legal representatives or assigns released any claims they may have against any of the Excluded Parties by this Agreement.

No later than promptly after the clearing of the first check for the Settlement Amount: (1) Complainant shall promptly dismiss the Lawsuit filed against Company by Complainant, subject to the Court's continued jurisdiction to enforce the terms of this Agreement; (2) Complainant shall promptly withdraw all public complaints and negative reviews filed by Complainant about Company; (3) Complainant shall immediately inform any regulator investigating Company at Complainant's request that the matter has been fully and amicably resolved to Complainant's satisfaction; (4) the Parties shall, based on any events occurring up until the effective date of this Agreement, not (i) disparage each other to any third party or (ii) make any future complaint or negative review regarding each other based on the conduct alleged in the Lawsuit, except as it relates to complaints or negative reviews regarding the Excluded Parties; and (5) Company shall remove (920) 980-6322 from its calling lists and make reasonable attempts to prevent future calls/messages to it.

Neither this Agreement nor any of the communications leading up to it shall constitute a do-not-call request by Complainant to Company for any phone number except ▮▮▮▮▮▮▮▮.

The Parties represent that they are not aware of possessing any claims against each other not released by this Agreement.

4. <u>Denial of Liability</u>. It is expressly understood and agreed to by and among the undersigned hereto that by entering into this Agreement, none of the undersigned (nor their affiliates or putative agents) hereto admit the truth of the allegations made by any other party, and this is a compromise of a disputed claim, which should not be construed as an admission of liability on the part of any party or any affiliate or the same.

5. <u>Assigns and Successors-in-Interest</u>. This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the undersigned hereto. The Parties represent that they have not already assigned or otherwise transferred or conveyed their claim (if any) or any interest in the same, and will indemnify each other if this is the case.

6. <u>Agreement Fully Read and Understood</u>. This Agreement has been carefully read by the undersigned and the contents are known and understood by the undersigned. The undersigned have each received, or have had the opportunity to obtain if they so choose, independent legal advice from the attorneys of their choice with respect to the preparation, review, and advisability of executing this Agreement. The undersigned acknowledge that they have executed this Agreement after independent investigation and without fraud, duress, or undue influence.

7. <u>Applicable Law, Venue for Disputes</u>. The existence, validity, construction and

DocuSign Envelope ID: 8486021E-3343-4B62-8D05-E49EB274247F

operation of this Agreement, and all of its covenants, agreements, representations, warranties, terms, and conditions, shall be determined in accordance with the laws of the State of California. The parties consent to the jurisdiction of the courts in Los Angeles, California for any dispute arising out of relating to this Agreement, and agree that venue in any future dispute between them relating to this Agreement shall be proper in this forum only, in particular, in the United States District Court for the Central District of California and the state courts embraced by that district.

8. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the undersigned, and fully supersedes any and all prior and/or contemporaneous agreements or understandings between the undersigned, which pertain to the subject matter hereof. The terms of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence whatsoever may be introduced to vary its terms in any judicial proceeding involving this Agreement.

9. <u>Modification</u>. This Agreement may be modified, but only if the modification is in writing and signed by the undersigned to this Agreement.

10. <u>Severability</u>. Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

11. <u>Counterparts</u>. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. Faxed and scanned signatures may be accepted as originals.

12. <u>Mutual Drafting</u>. This Agreement is the product of negotiations "at arms' length" between the undersigned, both of whom had ample time in which to seek legal advice, if desired. As such, the terms of this Agreement are mutually agreed-upon, and no part of this Agreement will be construed against the drafter.

Accepted and agreed to by:

Dennis Born (Complainant)

Signature: *Dennis Born* (DocuSigned by: 2C40C290826849D...)

Date: 8/13/2020

Celtic Marketing LLC (Company)

Authorized Signature: [signature]

Date: 8-18-20