UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  8:19-cv-01950-JLS-ADS                          Date: May 19, 2021
Title:  Dennis Born v. Celtic Marketing LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) GRANTING MOTION TO ENFORCE SETTLEMENT (Doc. 94) AND (2) GRANTING MOTION TO WITHDRAW (Doc. 93)**

   Before the Court is a Motion to Enforce Settlement Agreement filed by Plaintiff Dennis Born (MTE, Doc. 94), and a Motion to Withdraw As Counsel filed by counsel for Defendant Celtic Marketing LLC ("Celtic") (MTW, Doc. 93).  Plaintiff opposed counsel's motion, and counsel replied.  (Opp., Doc. 98; Reply, Doc. 100.)  Defendant did not oppose Plaintiff's motion.  (Response, Doc. 96).  The Court finds this matter appropriate for decision without oral argument, and the hearing set for May 21, 2021, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS both motions.

**I.       MOTION TO ENFORCE SETTLEMENT AGREEMENT**

   On October 12, 2019, Plaintiff filed a complaint against Defendant alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.  (Compl., Doc. 1.)  The parties filed a Notice of Settlement on August 27, 2020 (Doc. 84), and the Court stayed the action pending the filing of a stipulation of dismissal.  On November 30, 2020, Plaintiff instead filed a Notice of Breach of Settlement Agreement.  (Doc. 88.)  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01950-JLS-ADS                                          Date: May 19, 2021
Title:  Dennis Born v. Celtic Marketing LLC et al

agreed to reopen this case for the limited purpose of enforcing the terms of the settlement agreement and set a briefing schedule on the motion to enforce.  (Docs. 90, 92.)

The settlement agreement provides that Defendant shall pay $25,000 to Plaintiff over four monthly installments.  (Settlement Agreement, Ex. A to Javitch Decl., Doc. 94-2.)  Plaintiff contends that Defendant paid the first two installments of $5,000 each but failed to pay the third and fourth installments.  (MTE at 2.)  Plaintiff therefore seeks a judgment against Defendant in the amount of $15,000, the remaining amount due under the agreement.  (*Id.* at 7.)

In lieu of an opposition, Defendant's counsel filed a "Response" stating that "due to the grounds set forth in counsel for Celtic's currently pending Motion to Withdraw as Counsel, Celtic is not at present able to adequately respond to or defend against Plaintiff's Motion to Enforce Settlement Agreement[.]"  (Response at 1.)  In their response, counsel also requests that Plaintiff's motion "be deferred until resolution of the Motion to Withdraw as Counsel and appointment of subsequent counsel on behalf of Celtic."  (*Id.*)  The Court declines this request.  Although counsel's motion to withdraw was pending on the docket, it was not set for hearing until May 21, 2021—several months *after* the opposition to Plaintiff's motion was due—and no order from the Court had been issued granting the motion.  Nor did counsel seek *ex parte* relief from the Court.  Counsel thus remained obligated to file an opposition on behalf of their client.[1]

The Court therefore treats Plaintiff's motion as unopposed.  As the Court has also reviewed the terms of the Settlement Agreement and concludes that it is enforceable, the Court GRANTS Plaintiff's motion.  The Court will enter a separate judgment in favor of

---

[1] Moreover, to the extent that Defendant's counsel requests to withdraw and thereby postpone the Court's consideration of Plaintiff's Motion to Enforce Settlement Agreement, the Court finds that the factors would weigh strongly against permitting withdrawal, as withdrawal would prejudice Plaintiff, cause harm to the administration of justice, and unduly delay these proceedings.  *See Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, No. CV 07-6594, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008) (citing *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004))

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01950-JLS-ADS                                                                 Date: May 19, 2021
Title:  Dennis Born v. Celtic Marketing LLC et al

Plaintiff and against Defendant for $15,000, the amount that remains due under the Settlement Agreement.

## II.     MOTION TO WITHDRAW

The Court now turns to counsel's Motion to Withdraw.  The motion recites compliance with the notice requirements of C.D. Cal. R. 83-2.9.2.1. and seeks leave to withdraw as counsel due to "non-payment of fees and lack of communication." (MTW at 2; Reply at 1.)  Plaintiff's primary argument in opposition is that allowing counsel to withdraw will unfairly delay Plaintiff's motion to enforce the settlement agreement, because Defendant has yet to retain substitute counsel and, as a corporation, cannot proceed *pro se*.  (Opp. at 3; *see also* L.R. 83-2.2.2.)  Because the Court already granted Plaintiff's motion, this argument is moot.

The Court finds that good cause exists to GRANT counsel's motion.

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Enforce and GRANTS Counsel's Motion to Withdraw.  Judgment will issue concurrently, and the clerk is directed to administratively close this case.

Initials of Deputy Clerk: mku